## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

JONATHAN JACKSON,
    Defendant.

Criminal Complaint

CASE NUMBER: 07- 105M-MPT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __May 17, 2007__ in the District of Delaware, Defendant JONATHAN JACKSON did knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title ____18____ United States Code, Section(s) __922(g)(1) and 924(a)(2).__

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                    Official Title

on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Diane Iardella
Special Agent, ATF

FILED
MAY 18 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Sworn to before me and subscribed in my presence,

_____ at __Wilmington, DE__
Date                                                       City and State

Honorable Mary Pat Thynge
United States Magistrate Judge               _____
Name & Title of Judicial Officer                     Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT DIANE M. IARDELLA

1. Your affiant is Special Agent Diane M. Iardella. Your affiant has been a law enforcement officer for over 19 years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Agent Training Course. I have been involved in the investigation of approximately 200 cases involving firearms violations. I have participated in the seizures of approximately 800 firearms and the seizures of approximately 20,000 rounds of ammunition. I have previously qualified as an expert witness regarding the identification, origin and classification of firearms in the U.S. District Court for the District of Delaware.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on May 17, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant Jonathan Jackson from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction for Possession of a Narcotic Schedule II Controlled Substance Within 1000 Feet of a School from on or about 6/8/00 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. Your affiant also learned from the DELJIS computer check that the defendant has a prior conviction for Carrying a Concealed Deadly Weapon from on or about 12/6/95 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

5. As stated to me by one or more Wilmington Police Officers with personal knowledge of the above facts, I learned the following. On May 17, 2007, Wilmington Police responded to a domestic complaint at a certain location in the city of Wilmington. The domestic involved Jonathan Jackson and his ex-girlfriend who had both called the police. Jackson told the police that his ex-girlfriend had dropped off their child to him that day. Jackson stated that after she left he went downstairs and played his phone messages and learned that his ex-girlfriend had left him some nasty messages. Jackson said he called her and then got into a verbal fight with her over the phone. Jackson stated that she came back to the residence and banged on the rear entrance and said she wanted her child back. Jackson said he opened the door and she ripped the child out of his hands and ripped the diaper bag from him. The ex-girlfriend was interviewed and stated the same facts as above except that Jackson kicked her in the behind and then pulled a handgun from his back and pointed it at her. Wilmington Police requested consent to search the residence

from Jackson. Jackson stated that he did not feel comfortable giving consent since he did not stay there that much. Wilmington Police contacted Jackson's father, owner of the residence, who advised that he would give consent as long as he could be there while police searched his residence. Jackson had a capias for Failure to Pay on an Assault 3rd charge out of Family Court. Wilmington Police transported him to Family Court and then returned to residence and waited for Jackson's father. Jackson's father completed a consent to search form and Wilmington Police searched the residence and did not locate a handgun. Wilmington Police recovered a Arsenal 7.62x39 caliber rifle loaded with 27 rounds of ammunition in the downstairs room. Jackson's father stated that his son stays in this room as well as an upstairs bedroom. The rifle was located behind a sofa wrapped in shirts but visible to the officer when he looked behind the sofa. Officers observed a play station, clothes and cell phone charging in this room along with a sofa and television. Jackson's father stated he did not know the rifle was in his residence and he stated that the rifle was not his. Jackson's father has a prior felony weapons conviction from over twenty years ago.

6. From training and experience, your affiant knows that the above - mentioned firearm is a firearm as defined in 18 USC, Chapter 44, Section 921(a)(3) and was manufactured in a state or country other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce.

7. Your affiant interviewed defendant Jackson at the Wilmington Department of Police. Defendant Jackson was re-advised of his Miranda rights by a Wilmington Police Officer in the presence of your affiant and the defendant essentially stated that he understood his rights and voluntarily waived his Miranda rights. Jackson stated that he did not know how the gun got there. Jackson asked where the gun was found. Your affiant asked Jackson if he had information about anything to help himself out and he stated how's saying anything going to help me out. Jackson asked your affiant if she wanted to know where he got the gun, who he got the gun from and for how much. Your affiant said yes and Jackson stated that he was from the old school and he was not one of these young boys. Jackson stated that whatever gun you found it is mine not my father's. He stated that his father did not have knowledge. Jackson stated that someone was going to get charged with it so Jackson stated that someone had to take responsibility for it so it might as well be him not his father. Jackson requested medical assistance due to a potentially infected area on his arm. Wilmington Police took Jackson to the hospital for examination and possible treatment. Jackson received treatment and the doctor told the Wilmington Police officers that the treatment and medication would not interfere with his ability to understand and answer questions. A Wilmington Police officer re-advised Defendant Jackson of his Miranda rights and he voluntarily waived his Miranda rights. They asked Jackson about the rifle and Jackson essentially told the officers that he knew they were going to find the rifle. He stated that he bought it from a crack head in the city for $40.00 about a year ago. Jackson stated that he met the crack head through a friend of a friend. Jackson would not provide any information about the friend.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Diane M. Iardella
Special Agent, ATF

Sworn to and subscribed in my presence
this ___ day of _____ 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware